

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2008

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3072

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Zheng v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1619.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1619

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3072

MIN HE ZHENG,
                                        Petitioner

v.

ATTORNEY GENERAL, UNITED STATES OF AMERICA

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73-532-645
(U.S. Immigration Judge: Honorable Charles M. Honeyman)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2008

Before: SCIRICA, *Chief Judge*,
RENDELL, *Circuit Judge*, and RODRIGUEZ, *District Judge*.[*]

(Filed February 12, 2008)

OPINION OF THE COURT

_____

[*]The Honorable Joseph H. Rodriguez, United States District Judge for the District of
New Jersey, sitting by designation.

SCIRICA, *Chief Judge*.

Petitioner Min He Zheng is a native and citizen of China. He illegally entered the United States in 1994, and promptly filed an asylum application. In 2003, he submitted a supplementary application for asylum, withholding of removal, and protection under the Convention Against Torture.

Zheng testified he fled China because of the government's coercive population control policies. Too young to marry in China, he and his girlfriend cohabitated while in China, resulting in several threats and sanctions by family planning officials. Eventually his girlfriend became pregnant, and the pregnancy was forcibly aborted by the government.

Although finding Zheng credible, the IJ rejected Zheng's asylum application under *Chen v. Ashcroft*, 381 F.3d 221 (3d Cir. 2004).[1] In *Chen*, we held an unmarried individual may not seek refugee status under the "past persecution" provision of 8 U.S.C. § 1101(a)(42)(b) based on his partner's having been forced to undergo an abortion or sterilization procedure. *Id*. at 229. Zheng's circumstances are indistinguishable from the petitioner's in *Chen*. The IJ was correct in applying *Chen*, which is dispositive here.

Citing the BIA's decision in *In re S-L-L-*, 24 I. & N. Dec. 1 (BIA 2006), Zheng contends he is nevertheless eligible for asylum under the "other resistance" provision of 8

---

[1] On May 19, 2006, the BIA summarily adopted and affirmed the IJ's decision. Accordingly, we review the IJ's decision. *Li v. Attorney General*, 400 F.3d 157, 162 (3d Cir. 2005).

U.S.C. § 1101(a)(42)(b). Zheng testified he continued cohabitating after paying fines to family planning officials, but not as a means of overt resistance to China's policies or as an expression of his opposition. Rather, he thought making the payments rendered the cohabitation permissible. Moreover, Zheng never took steps to have his relationship legally recognized, and he testified that his relationship ended shortly after the coerced abortion and he has now been married to another woman since January 29, 2001. Accordingly, we find the facts alleged by Zheng do not constitute "resistance." *See S-L-L-* at 10-11 (identifying "relevant factors" to consider in determining whether "an applicant claiming persecution based on an unmarried partner's abortion must demonstrate that he has suffered harm amounting to persecution on account of that resistance").

Zheng also claims past persecution based on a beating he received while in prison after being caught while initially attempting to flee China.[2] Moreover, because his identification documents were seized on his capture, Zheng contends he will face future persecution if returned to China in the form of being unable to obtain a household registration, which is critical to securing employment, housing, and more. Additionally,

---

[2] Zheng also contends he suffered past persecution because of his membership in a particular social group, which he defines as "unmarried individuals involved in intimate relationships in violation of China's coercive population control law." But Zheng failed to raise this argument at any prior time and is therefore precluded from doing so now under the exhaustion requirement of 8 U.S.C. § 1252(d).

3

Zheng contends he will face future persecution by being subjected to China's coercive family planning policies because he is now married and trying to have a child.

The IJ found the facts asserted by Zheng did not amount to past persecution and that Zheng's fears of future persecution were too speculative. Apart from his experiences while cohabitating with his girlfriend, Zheng testified only to an isolated instance of mistreatment while incarcerated. The record also reveals Zheng currently does not have children, and there is no evidence indicating he will face future persecution under China's family planning policies. Moreover, although Zheng believes he will be unable to obtain a household registration, there is no objective evidence in the record to support such a conclusion. Accordingly, substantial evidence supports the IJ's findings.

Finally, Zheng seeks protection under the CAT based on his fear that he will be beaten in prison if he returns to China. Our review of the record reveals no evidence that Zheng is likely to be singled out for torture should he return to China. Accordingly, the IJ did not err in applying the specific intent rule of *Auguste v. Ridge*, 395 F.3d 123 (3d Cir. 2005), to reject Zheng's claim under the CAT.

For the foregoing reasons, we will deny the petition for review.